Not Intended for Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **NORWOOD COOK**, | ) |
| Petitioner, | ) Case No. 7:06CV00349 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Norwood Cook, pro se*.

Petitioner Norwood Cook, a federal inmate, has filed a Motion for Relief From Order, pursuant to Fed. R. Civ. P. 60(b) (West 1992). With this motion, Cook seeks to reopen Case No. 7:05-cv-00018, his previously filed and dismissed Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). Upon review of his pleading and court records, I find that Cook's current motion must be construed and dismissed as a successive § 2255 motion.

Cook argues that during guilty plea negotiations, the government knowingly misrepresented to him and counsel that the prosecutor would make one motion at sentencing for a sentence reduction based on substantial assistance and would then make another such motion within one year after sentencing. Cook received the first

reduction motion, but not the second. Cook claims that the prosecutor used the oral promise of a second reduction motion to induce him fraudulently into pleading guilty.

Cook raised this same claim in Case No. 7:05-cv-00018. I denied relief, finding that Cook was bound by his own statements to the court during the plea hearing that no one had made any other promise or assurance to him, outside the written plea agreement, to induce him to plead guilty. In support of his current motion, Cook submits an affidavit, purportedly from defense counsel, stating that the prosecutor had promised Cook a second substantial assistance motion after sentencing.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255 para. 8. A Rule 60(b) motion for relief from judgment that presents newly discovered evidence in rearguing the merits of a previously litigated habeas claim is properly classified as a "second or successive habeas petition" and dismissed. *Gonzales v. Crosby*, 125 S. Ct. 2641, 2647 (2005).

The claims and new evidence (the affidavit from his attorney) that Cook now presents fall squarely within this category of Rule 60(b) motions that must be construed as habeas petitions. Cook does not argue that the new evidence

demonstrates some defect in the integrity of the habeas proceedings, but instead, uses it to reargue the merits of his claim. Therefore, I must consider his current pleading as a second § 2255 Motion. Cook offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Accordingly, I must dismiss this Motion without prejudice.[1] A separate Final Order will be entered herewith.

ENTER: June 14, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] To obtain certification from the Fourth Circuit, the petitioner must submit a copy of the § 2255 motion to the court of appeals, along with a motion requesting certification for the district court to review a successive § 2255 motion. *See* 28 U.S.C.A § 2244 (West Supp. 2005). Petitioner may write to request a form and instructions for filing this motion at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.